

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2004

# J.T. v. Medford Twp Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"J.T. v. Medford Twp Bd Ed" (2004). *2004 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4866

J.T., an infant, individually and by his parents, A.T. and M.T.,
and A.T. and M.T.,
Appellants

v.

MEDFORD BOARD OF EDUCATION, MARK GELARDO,
individually and in his official capacity, ROXANNE LAFFERTY,
individually and in her official capacity, and
KATHY RAINEY, individually and in her official capacity

Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 02-cv-1460)
District Judge: Honorable Freda L. Wolfson

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2004

Before: McKEE and CHERTOFF, Circuit Judges and
BUCKWALTER, Senior District Judge*

OPINION

* Honorable Ronald L. Buckwalter, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

BUCKWALTER, <u>Senior District Judge</u>.

This is an appeal from the order of the District Court dated December 8, 2003, granting summary judgment in favor of Appellees and denying Appellant's request for attorney's fees and costs, and cross-motion for reversal of ALJ Reback's decision in <u>J.T. II</u>.

Specifically, Appellant raises issues regarding (1) seeking of attorney and expert fees and costs after substantially prevailing in a due process hearing on March 29, 2001; (2) seeking of attorney fees and costs from substantially prevailing against Appellees' attempt to have New Jersey Office of Special Education reopen <u>J.T. I</u>; (3) seeking damages where Appellees fraudulently represented they would comply, had J.T. repeatedly attended speech therapy sessions while knowingly conspiring not to provide speech therapy that had been ordered and unilaterally stopping the sessions entirely while at the same time representing to OAL that said sessions were being maintained; and (4) seeking reversal of the final decision from the subsequent due process Appellant filed referred to as <u>J.T. II</u> due to numerous errors, including ALJ's refusal to hear certain evidence.

In a thorough opinion in an area of the law where legal proceedings can be complex and parties impassioned, the District Court judge explained why Appellants were not entitled to any fees and costs; why Appellants had failed to show fraud or

conspiracy on the part of Appellees, and why the decision in J.T. II should not be reversed.

The fee issue, covered at great length in the District Court opinion, was resolved, in part, in favor of Appellants by a finding that the ALJ's order offered them merit-based relief (albeit small) beyond what was agreed to in the settlement. But in analyzing 20 U.S.C. § 1415(i)(3)(F)(i), the District Court concluded that Appellants and their counsel have, in the words of the statute, *supra*, "during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy." Exercising its discretion under 20 U.S.C. § 1415(i)(3)(B), the Court denied attorney's fees.

The decision to award or refuse attorney's fees under IDEA's fee shifting provision is reviewed for an abuse of discretion. If the legal standard were in question, the review would be plenary. John T. Ex Rel. Paul T. v. Delaware County, 318 F.3d 545, 551, 552 (3rd Cir. 2003).

Here the legal standard is not in issue since Appellants do not question the finding that they were the prevailing party for purposes of 20 U.S.C. § 1415(i)(3)(B). Instead, Appellants argue that the Court abused its discretion by denying fees and costs because Appellants unnecessarily delayed resolution of issues related to J.T. I.

The factual underpinning of the Court's decision is supported by the record. The record reveals that in response to Appellant's request, Appellees began the process of whether to conduct a complete evaluation (Appellees Supplemental Appendix Sa 21 -

3

letter dated July 20, 2000).  The Appellants participated in the process initially and signed the Appellees Determination for Evaluation Form on September 20, 2000 wherein it was agreed not to evaluate J.T. at this time, but to observe him at his preschool later in the fall (*See* Sa 28, *supra).*  Before these observations were completed, Appellants filed a request for a due process hearing (Appellant's Appendix at 14).

The decision of ALJ Tassini dated March 29, 2001 sets forth many instances where Appellants did not provide a copy of expert reports in their possession until well after the filing of their due process request (ALJ Tassini decision beginning at Appellants' Appendix at 89, 97, 98, 99, 100).  Ultimately, ALJ Tassini did order Appellees to classify J.T. as eligible for special education and ordered Appellants to submit J.T. for speech language evaluation by an expert of Appellees' choice.

After the March 29, 2001 order and the parties' substantial compliance with it, a May 10, 2001 meeting was scheduled as a combined eligibility conference/IEP meeting (Appellants' Appendix at 112 being a portion of ALJ Reback's November 21, 2001 decision).  Substantially as the District Court found, the attempt to develop an IEP failed when the discussion was terminated because Appellants' counsel and the parents themselves left the meeting without completing the IEP.  Eight days later, the Appellants filed for due process on May 18, 2001.  They alleged the IEP was invalid before it was finalized, prematurely involving the administrative process as the Court found.

4

Finally, with regard to the fee issue, Appellants' counsel throughout <u>J.T. I</u> and related proceedings thereafter engaged in conduct as described by the Court. The references to counsel's behavior as set forth in Appellees' brief at 12-13, are examples of this behavior. *See* Appellants' Appendix at 48 and 51, from Letter Ruling and Order of ALJ Reback.

The Court's conclusion that parents and their counsel are not entitled to fees, having "unnecessarily delayed resolution of the issues raised in <u>J.T. I</u>", and having beyond that hearing continued to delay final resolution of the controversy is not an abuse of discretion.

As to the third issue raised by Appellants, there is simply no evidentiary support for their claim of fraudulent misrepresentation as fully explained in the opinion of the District Court.

Finally, there is no basis to reverse the decision of ALJ Reback in <u>J.T. II</u>. It should be noted that Appellants' counsel has never explained his reasons for not complying with Appellees' request to identify witnesses to be called at the <u>J.T. II</u> hearing. Moreover, ALJ Reback did not refuse to hear Appellants' case. What he did do was bar testimony of certain persons whose expert reports were not provided to Appellees. He did, however, allow Appellants to call the mother of J.T. to testify and one expert witness provided he gave Appellant notice and copy of the report. In addition, he permitted Appellants to reintroduce into evidence the expert reports previously submitted at <u>J.T. I</u>

(Appellants' Appendix at 51). Appellants elected to rest without calling a single witness (Appellants' Appendix at 108).

Appellants' other arguments relative to the decision in <u>J.T. II</u> are without merit as set forth in the opinion of the District Court.

We affirm the judgment of the District Court.